UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 21 2012
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRANDON MONTGOMERY, | CIV 11-4083 |
| | CR 06-40012 |
| Movant, | |
| | |
| -vs- | MEMORANDUM OPINION |
| | AND ORDER |
| UNITED STATES OF AMERICA, | |
| | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Brandon Montgomery ("Montgomery") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Montgomery argues that the United States Supreme Court decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), invalidates his conviction and sentence for aggravated identity theft because he did not know that the social security number he used belonged to another person. Montgomery filed this motion to vacate more than one year from the time his conviction became final. He contends the motion is timely in light of his recent discovery of the *Flores-Figueroa* decision where the Supreme Court construed the knowledge element of the aggravated identity theft statute, 18 U.S.C. § 1028A.

The government was directed to respond to the motion and include argument regarding its timeliness. In addition to its response, the government filed a motion to dismiss. No further filings were submitted by Montgomery. For the following reasons, the Court finds that Montgomery's § 2255 motion should be dismissed as time-barred, and also that his claim is procedurally defaulted.

### BACKGROUND

Montgomery was indicted for 15 counts of bank fraud and two counts of aggravated identity theft on February 15, 2006. He was accused of using multiple social security numbers to obtain credit and loans from numerous banks. On April 7, 2006, Montgomery pled guilty to one count of bank fraud (Count 4) in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft

(Count 16) in violation of 18 U.S.C. § 1028A(a)(1). The remaining counts were dismissed upon motion of the government. On July 10, 2006, Montgomery was sentenced to 71 months on Count 4 and 24 months on Count 16, to be served consecutively. He was also sentenced to five years of supervised release on Count 4 and one year on Count 16, with the terms to run concurrently. Restitution in the amount of $11,028.05 was ordered. Montgomery did not file an appeal.

The law provides that whoever, while committing a felony, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person," commits aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1). In 2009, the Supreme Court in *Flores-Figueroa* held the term "knowingly" modifies the subsequent phrase "of another person." 556 U.S. at 647. Thus, to prove the offense of aggravated identity theft, the government must prove that the defendant knew the means of identification was associated with an actual person. *Id.* at 657. Before *Flores-Figueroa*, and when Montgomery pled guilty, the Eighth Circuit did not require knowledge that the identification belonged to an actual person. *See United States v. Mendoza-Gonzalez*, 520 F.3d 912 (8th Cir.2008) (holding that the knowledge requirement of § 1028(A) does not apply to "of another person") *vacated* --- U.S. ----, 129 S.Ct. 2377 (2009). Montgomery claims he did not know that the social security numbers he used belonged to other people. He simply shifted a few numbers or changed a few numbers of his own social security number, "coincidentally" ending up with social security numbers that happened to belong to other individuals. He thought that by just shifting and changing his own number he would deceive the bank long enough to get away with the fraud, but he never intended to use numbers that actually belonged to someone. Montgomery says that, to this day, he does not know the full name or have any information about the people whose social security numbers he submitted to commit his fraudulent scheme. Thus, according to Montgomery, his conviction of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) must be vacated because the element of knowing that the social security number was associated with another person has not been met.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") federal habeas petitions must be filed within a one-year period which begins to run, with certain exceptions, either

after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired.[1] *See Clay v. United States*, 537 U.S. 522, 530-32 (2003) (where petitioner does not file an appeal, the conviction becomes final when the time to seek review expires). The government argues that Montgomery's motion is untimely under § 2255(f)(1) because the one year limitation period expired on July 22, 2007, almost four years before Montgomery filed his § 2255 motion on June 17, 2011.[2] Montgomery appears to believe his motion is timely because he filed it as soon as he learned of the Supreme Court's decision in *Flores-Figueroa* which made him aware of the change in the elements of aggravated identity theft.

Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations does not begin to run until the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Eighth Circuit has not decided whether *Flores-Figueroa* can be applied retroactively to cases on collateral review. Even assuming *Flores-Figueroa* is retroactively applicable to cases

---

[1] Specifically, § 2255 states: A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[2] The judgment regarding Montgomery's sentence was entered on July 12, 2006. Thus, the date on which the statute of limitations expired, July 22, 2007, amounts to one year after the completion of the ten day period during which Montgomery could have filed a notice of appeal. *See Anjulo–Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (("Because [defendant] ... did not file a direct appeal, his conviction became final ... when the ten-day period for filing a notice of appeal expired.").

on collateral review, Montgomery's motion, filed on June 17, 2011, still is untimely because he did not file it within a year after the Supreme Court issued *Flores-Figueroa* on May 4, 2009. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (when the Supreme Court has "newly recognized" a right, the one year limitation period begins on the date of the decision rather than the date that the decision became retroactively available to cases on collateral review).

Equitable Tolling

The Eighth Circuit has held that the doctrine of equitable tolling applies to 28 U.S.C. § 2255 motions. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). This equitable doctrine only applies, however, "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *Id.* at 1093. The extraordinary circumstances cannot be attributable to the petitioner. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir.2009). "[T]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *Id.* (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)). Montgomery offers nothing to indicate the existence of extraordinary circumstances beyond his control or that he acted with due diligence. His assertion that he filed the motion as soon as he learned of the *Flores-Figueroa* decision is not enough to justify equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (lack of understanding of the law does not amount to extraordinary circumstance beyond unrepresented prisoner's control); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).

The Eighth Circuit has indicated that, in very rare circumstances, a claim of actual innocence might justify equitable tolling in the Eighth Circuit. *See Flanders v. Graves*, 299 F.3d 974, 976–77 (8th Cir. 2002). "For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts [establishing actual innocence] in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Id.* at 978. Montgomery has not established the existence of any action or inaction by anyone that would have prevented him, in the exercise of reasonable diligence, from raising his argument at least within a year after the *Flores-Figueroa* decision instead of two years later. In

4

addition, Montgomery does not claim that any new facts or new evidence undermines his conviction, but rather argues that the elements of his offense were changed by the *Flores-Figueroa* decision. That does not provide the Court with a basis to equitably toll the § 2255 statute of limitations. *See, e.g., E.J.R.E.*, 453 F.3d at 1098 (federal court of appeals decision is not a qualifying "fact" that would toll the statute of limitations under § 2255(f)(4), and even if it could constitute an "extraordinary circumstance," failure to file direct appeal demonstrates a lack of diligence). Accordingly, Montgomery's § 2255 motion is time-barred and must be dismissed.

Procedural Default

In addition to being untimely, Montgomery's claim is barred by the doctrine of procedural default. A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Therefore, § 2255 actions are limited by the preclusive effect of decisions resulting from prior direct appellate review and by the doctrine of procedural default. Claims which have been raised and decided on direct appeal are precluded from further litigation under § 2255. *See United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated ...."). On the other hand, under the doctrine of procedural default, issues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000). Before Montgomery's guilty plea on April 7, 2006, defendants were raising and courts were addressing the issue whether the knowledge requirement of 18 U.S.C. § 1028A(a)(1) applies to "of another person," including in opinions published in the federal reporters. *See, e.g., United States v. Beachem*, 399 F.Supp.2d 1156 (W.D. Wash. 2005) (holding that under § 1028A(a)(1), the government must prove defendant had knowledge that the identification she used belonged to another

person; rejecting the opposite conclusion reached by the district court in *United States v. Montejo*, 353 F.Supp.2d 643 (E.D.Va. 2005)). Also at the time of Montgomery's plea, the Eighth Circuit had not decided that the government need not prove the defendant knew the means of identification was associated with another person.

Montgomery procedurally defaulted his claim by not challenging the validity of his guilty plea on appeal, and he has not established cause for his default. *See Bousley*, 523 U.S. at 620. In *Bousley*, the defendant pled guilty to a firearm offense, and then collaterally attacked his firearm conviction in light of *Bailey v. United States*, 516 U.S. 137 (1995), in which the Supreme Court held that conviction for use of a firearm required the government to show active employment of the firearm. The Supreme Court in *Bousley* ruled that the defendant procedurally defaulted his claim because he did not challenge the validity of his plea on appeal. *See Bousley*, 523 U.S. at 621. The Court stated that it was not a novel argument, and the defendant did not establish "cause" by arguing that the legal basis for his claim was not reasonably available at the time of the plea, or that it would have been futile to attack his guilty plea prior to the retroactive *Bailey* decision by the Supreme Court. *Id.* at 622-23. The only way the defendant could prevail in a collateral attack of his conviction in light of the retroactive Supreme Court decision was by establishing actual innocence. *Id.* at 623. "Actual innocence means factual innocence and not mere legal insufficiency," and "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotations omitted).

Montgomery has failed to establish factual innocence of aggravated identity theft. The record establishes that Montgomery knew the social security number actually belonged to another individual. Montgomery stated in his FBI interview on October 27, 2005: "I didn't know [the social security numbers] belonged to real people, but realized they belonged to real people when they went through and I successfully opened the accounts and got the loans." (Doc. 8-2 at p. 4.) Montgomery also told the FBI agent that he used social security numbers that did not belong to him when opening bank accounts and applying for loans because his credit was bad and he knew if he used his own social security number he would not be able to get credit or open a bank account. (*Id.* at p. 3.) When Montgomery signed his Factual Basis Statement on April 3, 2006, before pleading guilty to

6

aggravated identity theft, he agreed that the social security number he used to open a bank account belonged to an actual person named Sherry Ruth Abney. (CR 06-40012, Doc. 28.) He also admitted to using the name Roy Williams, and the driver's license number belonging to Roy Williams, when he opened the account. (*Id.*) The successful use of the social security number established that it belonged to an actual person, even if Montgomery was not aware that the social security number was that of another person at the time he made up the number. Simply put, once the account was successfully opened Montgomery knew that he had used another person's social security number. In addition, Montgomery knew the driver's license he used belonged to Roy Williams. Thus, Montgomery has not established actual innocence of aggravated identity theft and his claim is procedurally defaulted. *Cf. United States v. Iyamu*, 393 Fed. Appx. 667, 672–73 (11th Cir. 2010) (trial evidence that defendant applied for credit card using victim's social security number sufficient to establish knowledge because a jury could have inferred that the defendant knew that the victims likely had an actual credit history and therefore were real persons).

For all of these reasons, the Court concludes that Montgomery's § 2255 claim is procedurally defaulted.

Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (stating that "an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility'"). There is no need for an evidentiary hearing in this case because it is clear from the record that the motion is time-barred and there are no grounds for equitable tolling. Furthermore, there is no need for additional evidence on actual innocence because the admissions Montgomery made in his FBI interview and his Factual Basis Statement establish that

7

Montgomery knew the social security number he used to open the bank account belonged to another person.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Montgomery has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

(1) That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is dismissed.

(2) That a Certificate of Appealability shall not issue on the claim raised in the § 2255 motion.

Dated this 20th day of June, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahu
(SEAL)          DEPUTY